UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

MARIE HERISSE,

                                    Debtor.

Chapter 13

Case No: 25-22693 (DSJ)

**OPINION GRANTING SECURED CREDITOR'S MOTION FOR COMFORT ORDER
CONFIRMING THE AUTOMATIC STAY DOES NOT APPLY TO THE PROPERTY**

**APPEARANCES:**

THE LAW OFFICES OF MITCHELL J. CANTER, ESQ.
*Counsel for the Debtor*
511 Airport Executive Park
Nanuet, New York 10954
By:    Mitchell J. Canter

CHAPTER 13 STANDING TRUSTEE
399 Knollwood Road, Suite 102
White Plains, New York 10603
By:    Thomas C. Frost
         Rebecca Richards

THE LAW OFFICES OF MATTHEW W. LIZOTTE, ESQ.
*Counsel for Inclusive Society LLC*
1 Blue Hill Plaza, Lobby Level, #1509
Pearl River, New York 10965
By:    Matthew Lizotte

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion (the "Motion" or "Mot.") [ECF No. 21] of Inclusive

Society LLC (the "Movant") for a comfort order confirming that the Movant does not require

relief from stay with respect to a property serving as the Debtor's primary residence located at 27

Alan Road, Spring Valley, New York 10977 (the "Property"). The Property was the subject of

state court foreclosure proceedings, culminating in a completed foreclosure sale and selection of

the Movant as the winning bidder. The comfort order seeks effectively a declaration that

1

execution and delivery of the referee's deed, together with recording of that deed in the Rockland County Clerk's Office, are ministerial acts not barred by the automatic stay. In the alternative, the Motion seeks relief from the automatic stay with respect to the Property pursuant to 11 U.S.C. §§ 362(d)(1) and (2) to complete the transfer of title and thereafter pursue available state law remedies, including possible eviction proceedings.

The Debtor filed opposition to the Motion (the "Mot. Opp.") [ECF No. 22]. The Court heard argument on the Motion at a hearing held on May 13, 2026, with counsel for the Debtor, the Chapter 13 Trustee, and the Movant attending and being heard, and reserved decision.

For reasons explained below, the Court grants the Motion for a comfort order confirming the stay does not apply to the Property and allowing the completion of the state court foreclosure process.

## BACKGROUND

This opinion provides only such background as is pertinent to this decision.

The Debtor is the owner and occupant of the Property which she states has served as her primary residence since 2010. *See* Mot. Opp. ¶ 1. The Property was the subject of a state court foreclosure action in Rockland County arising from unpaid condominium common charges. *See id.*; Mot. ¶ 1. By judgment of foreclosure and sale entered on June 28, 2024, the state court authorized a foreclosure sale of the Property. *See Country Vill. Heights Condo. (Grp. 1) v. Herisse*, Index No. 034774/2022 (Rockland Cnty. Sup. Ct.) [NYSCEF Dkt. No. 58]. A sale was thereafter conducted on September 26, 2024, at which the Movant was the successful bidder. *See* Mot. ¶ 6; Mot. Opp. ¶ 1. In connection with the foreclosure sale, the Movant tendered a $40,000 deposit, which remains in the custody of the court-appointed foreclosure referee. *See* Mot. ¶ 3. According to the parties' submissions, no referee's deed has been executed, delivered, or

2

accepted, and the sale proceeds have not been disbursed to the judgment creditor, *i.e.*, the Movant. *See* Mot. ¶¶ 5, 6; Mot. Opp. ¶ 1.

Following the foreclosure sale, the Debtor moved in state court to vacate the judgment and set aside the sale. *See* Index No. 034774/2022, NYSCEF Dkt. No. 63. By decision and order entered June 12, 2025, the state court denied that relief. *See id.*, NYSCEF Dkt. No. 91; Mot., Ex. B. The Debtor thereafter commenced this Chapter 13 case on July 24, 2025. *See* ECF No. 1.

## DISCUSSION

### I.   Movant is Entitled to a Comfort Order Confirming the Stay Does Not Apply to the Property

#### A.  The Property Is Not "Property of the Estate"

The Debtor opposes the requested relief in the Motion on the ground that the foreclosure sale was not completed under New York law prior to the commencement of this Chapter 13 case. According to the Debtor, although a foreclosure auction was conducted, title to the Property never transferred because the referee's deed was neither delivered nor accepted. *See* Mot. Opp. ¶¶ 17-18. The Debtor further contends that the deed remains under the referee's control, the sale proceeds continue to be held by the referee pending consummation of the sale, and the Debtor has remained in possession of the Property throughout. *See id.* ¶ 22. On that basis, the Debtor asserts that she retained legal, equitable, and possessory interests in the Property as of the petition date, rendering the Property part of the bankruptcy estate and subject to the protections of the automatic stay. *See id.* ¶ 31. The request for a comfort order is, Debtor emphasizes, premature. *See id.* ¶¶ 38-39.

Property of a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Property interests are

3

created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55 (1979); *accord Stern v. Marshall*, 546 U.S. 462 (2011). Whether the Property constitutes "property of the estate" within the meaning of 11 U.S.C. § 541(a)(1) is a question governed by New York law. *See Rodgers v. Cnty. of Monroe (In re Rodgers)*, 333 F.3d 64, 65 (2d Cir. 2003).

The Second Circuit has affirmed longstanding New York law that "a debtor's right of redemption of, and interest in, the property is extinguished by the [foreclosure] auction, not by the subsequent delivery of the deed." *Rodgers*, 333 F.3d 64, 67 (2d Cir. 2003) (citing *Tuthill v. Tracy*, 31 N.Y. 157, 162 (N.Y. 1865)); *see also Fin. Fed. Sav. & Loan Ass'n v. Ghosh (In re Ghosh)*, 38 B.R. 600, 602 (Bankr. E.D.N.Y. 1984) ("[U]nder New York law[,] a debtor loses all equitable and legal interest in real property validly sold at foreclosure whether or not the deed to that property has been delivered to the purchaser."); *In re Ellis*, 40 B.R. 760, 763 (Bankr. E.D.N.Y. 1984) ("[T]he mortgagor's equity of redemption is barred by the foreclosure and sale and . . . a deed is not necessary to accomplish that result."); *In re Cretella,* 42 B.R. 526, 532 (Bankr. E.D.N.Y. 1984) ("It is thus abundantly clear that the mortgagor has no legal or equitable interest in real property after a foreclosure sale, even if the formal transfer of the title has not taken place, unless of course he has the right to redeem."). In other words, "once the ability to redeem has been lost pre-petition, the foreclosed property sold at a public sale is no longer property of the estate for purposes of Section 541." *Rodgers*, 333 F.3d at 68 (internal quotations removed).

Here, the Debtor lost legal and equitable title to the Property pre-petition under state law upon completion of the foreclosure sale in September 2024. *See* Mot. ¶ 6. The filing of Debtor's

chapter 13 petition, some ten months later, in July 2025, did nothing to reverse the extinguishment of Debtor's equity of redemption under New York law. See *Rodgers*, 333 F.3d at 67–68.

The Debtor contends that, pursuant to Section 244 of New York's Real Property Law, that a foreclosure sale "is not complete, and title does not transfer, until the Referee's Deed is both delivered and accepted." Mot. Opp. ¶ 18. The Second Circuit in *Rodgers* considered this very contention and squarely rejected it, noting that Section 244 "does not apply to foreclosure judgments" but rather "governs voluntary transfers of real property." *Rodgers*, 333 F.3d at 68 (citing *Citibank, N.A. v. Press Realty Corp.*, 139 Misc. 2d 558, 560 (N.Y. Sup. Ct. 1988); *see also Ghosh,* 38 B.R. at 602; *Ellis,* 40 B.R. at 763–64. Debtor's argument is thus without any merit because the "delivery of the deed [is] a ministerial act" that "does not impair any property interest retained by [the Debtor]." *Rodgers*, 333 F.3d at 69.

The Debtor also makes a passing reference to her continued residence of the Property following the foreclosure sale to warrant inclusion as "property of the estate." *See* Mot. Opp. ¶¶ 29, 31. But again, because the sale cut off the Debtor's legal and equitable interest in the Property and because the Movant is entitled to the delivery of the deed following the foreclosure sale, *see Cretella*, 42 B.R. at 531, the Debtor's few remaining "incidents of ownership", including the "limited right of possession" between the time of the sale and the ministerial act of delivery of the deed, did not give rise to any estate interests and thus is not subject to the automatic stay. *Rodgers*, 333 F.3d 64, 69 (2d Cir. 2003) (citing cases) (internal quotations removed). In other words, as *Rodgers* put it, "[b]ecause Rodgers lost her legal and equitable interests in the property by virtue of the foreclosure sale, the property did not become property of the estate when the bankruptcy petition was filed." 333 F.3d at 69.

5

In sum, because the Property was not property of the Debtor's estate, the automatic stay under 11 U.S.C. § 362(a) does not apply to the Property. The Movant is entitled to a comfort order confirming the absence of the automatic stay as to the Property.

**B.  The Debtor Has No Right to Cure or Redeem Under Section 1322(c)(1)**

Pursuant to Section 1322(b)(3), a debtor may seek confirmation of a plan that provides "for the curing or waiving of any default." 11 U.S.C. § 1322(b)(3). More specifically, Section 1322(c)(1) states in relevant part that "a default with respect to . . . a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1); *see also Johnson v. Cnty. of Chautauqua (In re Johnson)*, 449 B.R. 7, 10 (Bankr. W.D.N.Y. 2011) ("But just as the debtor retains a right to cure at any time prior to a foreclosure sale, the foreclosure sale will surely also define the termination of that right.").

Here, the Debtor contends that Section 1322(c)(1) gives her the right to cure the unpaid condominium charges through her Chapter 13 plan. *See* Mot. Opp. ¶ 23. "A debtor's right to redeem under state law is important only to establish what state-law property rights the debtor held at the time the bankruptcy petition is filed and [Section] 1322(c)(1) relief is triggered." *In re Martin*, 496 B.R. 323, 327 (Bankr. S.D.N.Y. 2013). Because the Property was sold to the Movant prior to the petition date in a foreclosure sale, the Debtor's right to redemption under Section 1322(c)(1) was also extinguished prepetition. *See In re Heskell*, No. BR 17-20735-PRW, 2017 WL 3738382, at *3 (Bankr. W.D.N.Y. Aug. 29, 2017) (examining an analogous situation involving the foreclosure of a tax lien); *Johnson*, 449 B.R. at 10 (same). "Section 1322(c)(1) does not replace the state right of redemption." *Martin*, 496 B.R. at 327 (citing *In re Taylor*, 286 B.R. 275, 283 (D. Vt. 2002)).

This conclusion makes it unnecessary to rule on Movant's request in the alternative for an order vacating the stay to permit the execution of the referee's deed to the Movant. To the extent such relief were necessary, the Court would grant it under Section 362(d)(1), which mandates lifting the stay for cause including a "lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The Movant assuredly qualifies as a "party in interest" because it holds legal title, *i.e.*, a claim, in the Property. *See In re Mims,* 438 B.R. 52, 55–56 (Bankr. S.D.N.Y. 2010) (citing *Johnson v. Home State Bank,* 501 U.S. 78, 81, 111 (1991) (finding that a mortgage foreclosure was a "right to payment" against the debtor)); *cf. In re Lippold*, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011) (Bank did not demonstrate its "right to payment" because "it lack[ed] the ability to seek the state law remedy of foreclosure."). The Debtor's equitable interest in the Property was extinguished following completion of the foreclosure sale. Should the Movant need to avail itself of additional remedies under state law following the execution of the referee's deed, including possible eviction proceedings, the Movant is authorized to pursue such remedies in state court and need not make a further application before the Court pursuant to Sections 362(d)(1) and/or (d)(2) to lift the stay.

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED and the Debtor's objection is overruled. The Movant is to email a proposed order effectuating and memorializing this ruling to chambers. The Debtor's time to appeal will begin to run upon entry of such an order.

IT IS SO ORDERED.

Dated:   New York, New York          *s/ David S. Jones*
       May 22, 2026                    HONORABLE DAVID S. JONES
                                            UNITED STATES BANKRUPTCY JUDGE